STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CIVIL ACTION
                                        DOCKET NO. CV-17-439


HIRSCHBACH MOTOR LINES, INC.,

        Plaintiff

        v.                              ORDER ON DEFENDANTS
                                        CARLOS MORA and
CARLOS A. MORA, OLIVER                  OLIVER NELSON'S
NELSON, KEVIN MCKELVEY, and             MOTION FOR SUMMARY
WESTERN EXPRESS, INC.,                  JUDGMENT

        Defendants

REC'D CUMB CLERKS OFC
JUL 8 '19 AM 8:30

Before the court is defendants Carlos Mora and Oliver Nelson's motion for summary

judgment on plaintiff Hirschbach Motor Lines, Inc.'s complaint. For the following reasons, the

motion is denied.

I.    Facts

In January 2014, a motor vehicle accident involving four trucks occurred on Interstate 95

in Falmouth, Maine. (Defs.' S.M.F. ¶ 1.) Plaintiff employed John Roum, who was the driver of

one of the trucks involved in the accident (plaintiff's truck). (Defs.' S.M.F. ¶ 4.) Defendant Oliver

Nelson employed defendant Carlos Mora who was also a driver of one of the trucks in the accident

(defendant's truck). (Defs.' S.M.F. ¶ 3.)

The accident began when defendant's truck jackknifed after a smaller car passed in front

of the truck. (Defs.' S.M.F. ¶ 11.) Defendant's truck came to rest in a position where it was

blocking all southbound lanes of traffic on I-95. (Defs.' S.M.F. ¶ 19.) While driving along I-95

South, plaintiff's truck came upon the accident. (Defs.' S.M.F. ¶¶ 31-32.) Prior to plaintiff's truck

arriving at defendant's jackknifed truck, the road conditions had changed from dry to icy. (Defs.'

1

S.M.F. ¶ 35.) Plaintiff's truck was traveling at approximately 60 miles per hour when he first saw defendant's truck. (Defs.' S.M.F. ¶ 43.) Plaintiff's truck could not stop in time to avoid hitting defendant's truck due to the ice, so plaintiff's truck attempted to avoid defendant's truck by turning to the right of defendant's truck. (Defs.' S.M.F. ¶¶ 45-46, 49-51.) Plaintiff's truck fell on its side and plaintiff's tractor went into a ditch along the side of the road. (Defs.' S.M.F. ¶¶ 46-47.)

I.     Procedure

Plaintiff filed a complaint on November 8, 2017 and alleged eight counts: count I, negligence as to defendant Mora; count II, respondeat superior as to defendant Nelson; count III, negligent training as to defendant Nelson; count IV, negligent entrustment as to defendant Nelson.[1] On November, 20, 2017, defendants answered the complaint. On February 8, 2019, former defendants Kevin McKelvey and Western Express, Inc. filed a motion for summary judgment. On February 12, 2019, defendants joined former defendants' motion for summary judgment arguments a, c, and d and statement of material facts ¶¶ 1-6, 8-52, 70-72, 75, 76, and 82-90. On April 5, 2019, plaintiff filed an opposition to defendants' motion for summary judgment. On April 19, 2019, defendants filed a reply to plaintiff's opposition.

I.     Discussion

A. Standard of Review

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact."

---

[1] The remaining counts were against former defendants Kevin McKelvey and Western Express, Inc. Those allegations were resolved at mediation on February 11, 2019.

Lougee Conservancy v. CityMortgage, Inc., 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). To survive a defendant's motion for summary judgment, the plaintiff must establish a prima facie case for each element of plaintiff's claim. See Savell v. Duddy, 2016 ME 139, ¶ 18, 147 A.3d 1179.

On summary judgment, the court considers reasonable inferences that may be drawn from the facts. Curtis v. Porter, 2001 ME 158, ¶ 9, 784 A.2d 18. Additionally, the nonmoving party benefits from all "favorable inferences that may be drawn from the facts presented." Id. (quotation marks omitted). "When facts or reasonable inferences are in dispute on a material point, summary judgment may not be entered." Id.

B. Expert Evidence

Defendants argue they are entitled to summary judgment because plaintiff must present expert testimony that defendants breached a duty of care while driving a truck in inclement conditions and plaintiff has not designated an expert. (Defs.' Mot. Summ. J. 11-13.) Plaintiff argues that expert testimony is not required to prove defendants' negligence because an average juror would be able to make inferences based upon their common sense and experience. (Pl.'s Opp'n to Defs.' Mot. Summ. J. 5-7.)

"To survive summary judgment on this claim the [plaintiff] must present evidence of (1) a duty owed, (2) a breach of that duty, and (3) an injury that is proximately caused by a breach of that duty." Lougee Conservancy, 2012 ME 103, ¶ 29, 48 A.3d 774. The duty owed to plaintiff in this case was for defendant to operate a motor vehicle safely. See Mastriano v. Blyer, 2001 ME 134, ¶ 12, 779 A.2d 951. Defendants argue that plaintiff must support its claim that the duty was breached with expert testimony, because driving a tractor-trailer during an emergency situation requires specialized knowledge. Defendants cite Todd v. Andalkar, a medical malpractice case,

3

for the proposition that "when the negligence and harmful results are not sufficiently obvious to be within common knowledge, expert evidence is essential." Todd v. Andalkar, 1997 ME 59, ¶ 6, n.4, 691 A.2d 1215. The court rejects the argument that a tractor trailer jackknifing across all lanes of traffic in icy conditions constitutes "harmful results that are not sufficiently obvious to be within common knowledge." Id. On this record, expert testimony is not required for plaintiff to raise a genuine issue of material fact that defendants breached their duty of care.

## C. Evidence of Negligence

Defendant argues next that plaintiff has not presented prima facie evidence that defendants were negligent in the operation of their motor vehicle. (Defs.'s Mot. Summ. J. 13-17.) Plaintiff argues that it has presented prima facie evidence of defendants' negligence. (Pl.'s Opp'n to Defs.' Mot. Summ. J. 7-12.)

Defendants rely on Duchaine v. Fortin, a case where the court entered a judgment n.o.v. for the defendant, not summary judgment. Duchaine v. Fortin, 159 Me. 313, 318, 192 A.2d 473 (1963). In Duchaine, the Law Court stated that "[l]iability cannot be predicated upon the mere happening of an accident." Id. Unlike in this case, however, the Duchaine plaintiffs did not present any eye witnesses to the accident, including the defendant, at trial and rested their negligence claim on the fact that an accident occurred. Id. The record currently before the court contains evidence that defendant Mora's windshield fogged up, he did not test his breaks, and only slowed his vehicle five to seven miles an hour after noticing the fog, his vehicle jackknifed after he lost control of it, and he did not put out warning signals or activate his flashers to warn other drivers. (Defs.' S.M.F. ¶¶ 11-21); (Pl.'s A.S.M.F. ¶¶ 97-102.) Plaintiff has raised genuine issues of material fact that constitute prima facie evidence that defendants were negligent in the operation of their truck. (See Defs.' S.M.F. ¶¶ 11-21); (Pl.'s A.S.M.F. ¶¶ 97-102.)

4

The entry is

Defendants Carolos A. Mora and Oliver Nelson's Motion for Summary Judgment is DENIED.

Date:   July 3, 2019

Nancy Mills
Justice, Superior Court

CUM-CV-17-439